IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT J. MASSEY, et al.,<br><br>                    Plaintiffs,<br>v.<br><br>UTAH DEPARTMENT OF CORRECTIONS, et al.,<br><br>                    Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:16-cv-956 DAK<br><br>District Judge Dale Kimball<br><br>Magistrate Judge Brooke Wells |

This matter is referred to the undersigned in accordance with 28 U.S.C. § 636 (b)(1)(B) from Judge Dale Kimball.[1]  Pending before the court are two motions filed by Plaintiffs, a Motion for Order to hold Collection in Abeyance and a Motion to Amend/Correct Complaint.[2] Also pending is a Motion to Dismiss filed by Defendants Rollin Cook, Daniel B. Harman and Utah Department of Corrections.[3]

Plaintiffs' Complaint alleges violations of the United States Constitution with specific reference to the Ex Post Facto Clause and the Eighth Amendment prohibitions against excessive bail and cruel and unusual punishment.  These purported violations arise from changes made to the state's sex offender laws that "adversely affected the [Plaintiffs'] lives."[4]  As set forth below, the undersigned recommends that Defendants' Motion to Dismiss be granted and Plaintiffs motions should be denied.  Finally, because Plaintiffs are proceeding *in forma pauperis* under 28

---

[1] Docket no. 5.

[2] Docket no. 43, docket no. 45.

[3] Docket no. 44.

[4] Complaint p. 1.

U.S.C. 1915, subsection (e)(2) applies and this case should be dismissed *sua sponte* as to any remaining Defendants.

## DISCUSSION

Plaintiffs Complaint alleges that the change the State of Utah made to its Sex Offender Registry laws requiring Plaintiff Robert Massey to register twice a year[5] violates the Ex Post Facto Clause in Article I Section 10 of the U.S. Constitution because the amendments were passed after Mr. Massey's conviction.[6]  Further, Plaintiffs argue these new registry laws and their accompanying fees violate the Eighth Amendment prohibition against cruel and unusual punishment.[7]  Defendants Utah Department of Corrections, Rollin Cook and Daniel B. Harman move to dismiss Plaintiff's Complaint.[8]

## I. Legal Standards for a Motion to Dismiss

In deciding a motion to dismiss the court must determine whether the factual allegations made in the Complaint, if true, would entitle a plaintiff to a legal remedy.  To state a viable claim "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations."[9]  "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.[10]  In other words, the complaint must provide "enough facts to state a claim to relief that is plausible on its face."[11]

---

[5] *See* Utah Code Ann. § 77-41-105 ("[A]n offender shall, for the duration of the sentence and for 10 years after termination of sentence or custody of the division, register every year during the month of the offender's date of birth, during the month that is the sixth month after the offender's birth month[.]").

[6] *See* Complaint p. 6-8.

[7] *See id.* p. 9-10.

[8] Defendants fail to cite to the specific rule they move to dismiss under.  The court however presumes it is under Rule 12(b)(6) based upon the procedural posture of the case.

[9] *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007).

[10] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).

[11] *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[12]

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."[13]  A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.[14]  "[T]his rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[15]  The court need only accept as true a plaintiff's well-pleaded factual contentions and not their conclusory allegations.[16]  Finally, Often a pro se litigant is given an opportunity to remedy the defects in their pleadings,[17] but such an opportunity is unnecessary "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing . . . an opportunity to amend [the] complaint would be futile."[18]

## II. The Eleventh Amendment Bars Liability

Plaintiffs allege violations of the United States Constitution with specific reference to the Ex Post Facto Clause and the Eighth Amendment.  Plaintiffs argue that sovereign immunity does not apply in this case either to the State of Utah or the Utah Department of Corrections.

---

[12] *Ashcroft v. Iqbal*, 556 U.S. 662,  678  (2009) (quoting *Twombly*, 550 U.S. 544, 570 (2007)).

[13] *Hall v. Bellmon*, 935 F.2d 1106, 1109, (10th Cir. 1991).

[14] *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594 (1972).

[15] *Hall*, 935 F.2d at  1110.

[16] *See Dunn v. White*, 88 F.2d 1188, 1197 (10th Cir. 1989).

[17] *See e.g., Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990); *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1140 (10th Cir. 1985).

[18] *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991).

The Eleventh Amendment provides "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[19] Eleventh Amendment immunity applies to all lawsuits including civil rights lawsuits.[20]  And it bars suits brought in federal courts against states that have not waived immunity.[21]  Here the State of Utah has not waived immunity thus sovereign immunity applies and the claims against the State of Utah and the Department of Corrections must be dismissed.[22]

In similar fashion the claims against Defendants Rollin Cook and Daniel Harman are barred.  "Qualified immunity is designed to shield public officials from liability and ensure that erroneous suits do not even go to trial."[23]  The Tenth circuit has held that qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law."[24]  These Defendants are state employees with claims against them in their official capacity.[25]  When a state official asserts qualified immunity, she creates a rebuttable presumption that she is immune from the plaintiff's section 1983 claims.[26]  Two elements exist in the qualified immunity analysis—first, whether, under the facts alleged by the plaintiff, the government officials violated a constitutional right, and second, whether the right at issue was "'clearly established' at

---

[19] U.S. Constitution Amendment XI.

[20] See *Quern v. Jordan*, 440 U.S. 332, 340–41, 99 S. Ct. 1139, 1145  (1979) (concluding sovereign immunity applies to civil rights lawsuits).

[21] See *Edelman v. Jordan*, 415 U.S. 651, 662–63, 94 S. Ct. 1347, 1355 (1974) (stating that "this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State").

[22] See e.g., *Ball v. Division of Child and Family Services*, 2012 WL 1377881, *2 (D. Utah Apr. 19, 2012).

[23] *Oliver v.* Woods, 209 F.3d 1179, 1185 (10th Cir.2000).

[24] *Gross v. Pirtle*, 245 F.3d 1151, 1155 (10th Cir. 2006).

[25] See Utah Code Ann. § 63G-7-201(1) (providing "each governmental entity and each employee of a governmental entity are immune from suit for any injury that results from the exercise of a governmental function").

[26] See *Medina v. Cram*, 252 F.3d 1124, 1129 (10th Cir. 2001).

the time of the defendant's alleged misconduct . . . ."[27]  "If the plaintiff fails to satisfy either part of the two-part inquiry, the court must grant the defendant qualified immunity."[28]  Here, Plaintiff has failed to satisfy either prong of the analysis.  Thus, dismissal of the claims against these Defendants is warranted.

### III. There Are No Violations of the Ex Post Facto Clause

Article I, Section 9 of the U.S. Constitution provides that "No ... ex post facto Law shall be passed."  Those laws prohibited by the Ex Post Facto Clause include laws that "make[ ] more burdensome the punishment for a crime, after its commission."[29]  If the complained of reporting measures and associated fees are deemed civil rather than criminal in nature, however, then they present no ex post facto violation.[30]  For example in *Smith v. Doe*,[31] the United States Supreme Court held that the retroactive application of Alaska's Sex Offender Registration Act did not violate the Ex Post Facto Clause because the  "intention was to enact a regulatory scheme that is civil and nonpunitive[.]"[32]  In similar fashion, the Tenth Circuit in *Femedeer v. Haun*,[33] rejected the convicted sex offenders' argument that Utah's sex offender registration and notification statute, which provided for unrestricted public disclosure of registry information and applied retroactively to offenders who had completed their sentences, violated the Ex Post Facto or Double Jeopardy Clauses in the Constitution.

The test for determining whether something is a civil or criminal penalty has been set forth by the Supreme Court.

---

[27] *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citing *Saucier v. Katz*, 553 U.S. 194, 201 (2001)).

[28] *Holland v. Harrington*, 268 F.3d 1179, 1186 (10th Cir. 2001).

[29] *Collins v. Youngblood*, 497 U.S. 37, 42, 110 S.Ct. 2715 (199) (citation and quotation omitted).

[30] *See Femedeer v. Haun*, 227 F.3d 1244, 1248 (10th Cir. 2000).

[31] 538 U.S. 84, 123 S.Ct. 1140 (2002).

[32] *Smith v. Doe*, 538 U.S. at 92.

[33] 227 F.3d 1244 (10th Cir. 2000).

Whether a particular punishment is criminal or civil is, at least initially, a matter of statutory construction. A court must first ask whether the legislature, in establishing the penalizing mechanism, indicated either expressly or impliedly a preference for one label or the other. Even in those cases where the legislature has indicated an intention to establish a civil penalty, we have inquired further whether the statutory scheme was so punitive either in purpose or effect as to transform what was clearly intended as a civil remedy into a criminal penalty.[34]

Here, legislative intent to enact a nonpunitive measure is evidenced from the fact that the legislature placed the statute in the civil code rather than the criminal code.[35]  Although the placement of a statute is not always dispositive, here Plaintiffs fail to provide "'the clearest proof' that 'the statutory scheme [is] so punitive either in purpose or effect as to negate [the State's] intention" to deem it "civil[.]'"[36] Thus, the undersigned concludes the legislature's intent was to establish a civil remedy.

Next, the court has considered the factors listed in *Kennedy v. Mendoza–Martinez*,[37] and following the reasoning set forth in *Femedeer v. Haun*,[38] the undersigned finds the reporting scheme and associated fees impose a civil burden and do not violate the Ex Post Facto Clause.[39]

### IV. There Are No Violations of the Eighth Amendment

The Eighth Amendment prohibits the imposition of excessive bail, fines or cruel and unusual punishment.  A similar analysis of whether the Utah Statute is criminal or civil in nature

---

[34] *Hudson v. United States*, 522 U.S. 93, 99-100, 118 S.Ct. 488 (1997).  *See also Haun*, 227 F.3d at 1248.

[35] *See Haun*, 227 F.3d at 1249; *Kansas v. Hendricks*, 521 U.S. 346, 361, 117 S. Ct. 2072, 2081–82, (1997).

[36] *Hendricks*, 521 U.S. at 361 (quoting *Untied States v. Ward*, 448 U.S. 242, 248-49, 100 S.Ct. 2636, 2641 (1980)).

[37] 372 U.S. 144, 168–169, 83 S.Ct. 554, 567–568 (1963) (noting factors that provide useful guideposts including: "(1) "[w]hether the sanction involves an affirmative disability or restraint"; (2) "whether it has historically been regarded as a punishment"; (3) "whether it comes into play only on a finding of scienter "; (4) "whether its operation will promote the traditional aims of punishment-retribution and deterrence"; (5) "whether the behavior to which it applies is already a crime"; (6) "whether an alternative purpose to which it may rationally be connected is assignable for it"; and (7) "whether it appears excessive in relation to the alternative purpose assigned.").

[38] 227 F.3d at 1253.

[39] *See e.g., United States v. Davis*, 352 F. App'x 270, 272, 2009 WL 3627961, at *2 (10th Cir. 2009) (noting recent decisions holding that the Sex Offender Registration and Notification Act, 18 U.S.C. § 2250, is civil and not punitive and therefore does not violate the Ex Post Facto Clause).

applies to Plaintiffs' Eighth Amendment claims.[40]  As set forth above, the court concludes Utah's Sex Offender Registry laws are civil in nature.  Thus, because the reporting and associated fee portions of the law are civil and not punitive in nature they do not violate the Eighth Amendment.

### V. Claims Against any Remaining Defendants Should be Dismissed under 28 U.S.C. 1915(e)

Based upon the discussion set forth above Plaintiffs' Complaint fails and there is no need to allow for an opportunity to amend.  An opportunity to amend is unnecessary "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing . . . an opportunity to amend [the] complaint would be futile."[41]  Further, Plaintiffs are proceeding *in forma pauperis* under 28 U.S.C. 1915.  Subsection (e)(2) provides that the court "shall dismiss the case at any time if the court determines that—the action . . . fails to state a claim on which relief may be granted[.]"[42]  Because the undersigned finds that Plaintiffs' Complaint fails and Defendants' Motion to Dismiss should be granted, this case should be dismissed under Section 1915(e) as to the remaining Defendants.

Finally, the court has considered the remaining motions and finds them to be without merit and thus recommends that they be denied or deemed moot in light of the granting of Defendants' motion.

---

[40] *See* Davis, 352 F. App'x at 272; *United States v. Comstock*, 507 F.Supp.2d 522, 530 (E.D.N.C. 2007).

[41] *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991).

[42] 28 U.S.C. 1915(e)(2)(B).

RECOMMENDATION

For the reasons set forth above the undersigned RECOMMENDS that Defendants'

Motion to Dismiss be GRANTED.  The remaining motions should be DENIED or DEEMED

MOOT.  Under 28 U.S.C. 1915(e) this case should be dismissed as to any remaining Defendants.

Copies of this report and recommendation are being mailed to all parties who are hereby

notified of their right to object.  Within fourteen days after being served with a copy, any party

may serve and file written objections to such proposed findings and recommendations as

provided by rules of Court.[43]  Any objection must be filed within this deadline.  Failure to object

may constitute a waiver of objections upon subsequent review.

DATED this 20 March 2017.

Brooke C. Wells
United States Magistrate Judge

---

[43] *See* 28 U.S.C. § 636 and Fed. R. Civ. P. 72.