IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| ROBERT J. MASSEY and JACQULYN MASSEY, | ORDER AFFIRMING REPORT & RECOMMENDATION |
|---|---|
| Plaintiffs, | |
| vs. | Case No. 2:16-CV-956-DAK |
| UTAH DEPARTMENT OF CORRECTIONS, ROLLIN COOK, DANIEL B. HARMAN, et al., | Judge Dale A. Kimball |
| Defendants. | |

This case was assigned to United States District Court Judge Dale A. Kimball, who then referred it to United States Magistrate Judge Brooke C. Wells under 28 U.S.C. § 636(b)(1)(B). On September 20, 2016, Plaintiffs Robert J. Massey and Jacqulyn Massey filed a Complaint against several Defendants. On January 5, 2017, Defendants Rollin Cook, Daniel B. Harman, and the Utah Department of Corrections filed a Motion to Dismiss. On March 20, 2017, Magistrate Judge Wells issued a Report and Recommendation recommending that the court grant the Motion to Dismiss and that the case also be dismissed as to any remaining Defendants.

A Magistrate Judge's Report and Recommendation is subject to *de novo* review by this court. *See* 28 U.S.C. § 636(b)(1)(B); *see also* Fed. R. Civ. P. 72(b). The Report and Recommendation notified Plaintiff that any objections to the Report and Recommendation were required to be filed within fourteen days of receiving it. On April 3, 2017, Plaintiffs filed an Objection to Report and Recommendations. In their Objection, Plaintiffs refer to the same constitutional amendments that they raised in the Complaint and argue that dismissal of their Complaint would deprive them of their constitutional rights. Plaintiffs make specific textual

1

arguments that the Eleventh Amendment does not apply because they are citizens of Utah, that the Ex Post Facto clause of Article I, Section 10 of the United States Constitution does apply because of the newly required collection of registration fees for Utah's sex offender registry, and that the Eighth Amendment applies because it is not limited to prisoners and because the new laws are a form of punishment.

Although Plaintiffs are clearly passionate about their arguments against the Report and Recommendation, their arguments are not supported, and are in fact contradicted, by legal precedent that is binding on this court. For example, the United States Supreme Court has clearly stated, "While the [Eleventh] Amendment by its terms does not bar suits against a State by its own citizens, this Court has consistently held that an unconsenting State is immune from suits brough in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Magistrate Judge Wells applied the correct analysis to determine that the changes made by the Utah legislature to Utah's sex offender registration requirements were civil in nature and that the effect of those changes was a civil burden and not a punishment. *See* R. & R. at 5-6, March 20, 2017, ECF No. 60. The fact that the changes also newly imposed a fee does not materially change that analysis unless the fee exceeded the cost of the service it was meant to compensate for that it is effectively a fine, which Plaintiffs have presented no evidence to support. *See, e.g.*, *Mueller v. Raemisch*, 740 F.3d 1128, 1133-34 (7th Cir. 2014) (distinguishing between a fee and a fine and concluding that plaintiffs had not presented sufficient evidence to conclude that the sex offender registration fee was, in effect, a fine). Similarly, because the changes to Utah's sex offender registration requirements are civil, and not punitive, in nature, Magistrate Judge Wells correctly concluded that they do not violate

the Eighth Amendment's prohibition on the imposition of excessive bail, fines, or cruel and unusual punishment. *See* R. & R. at 6-7, March 20, 2017, ECF No. 60.

Therefore, the court concludes that Plaintiffs' objections do not undermine the analysis and proper conclusion reached by Magistrate Judge Wells. The court has reviewed Magistrate Judge Wells's Report and Recommendation *de novo*. The court affirms and adopts the Magistrate Judge's Report and Recommendation in its entirety. Accordingly, Defendant Rollin Cook, Daniel B. Harman, and the Utah Department of Corrections' Motion to Dismiss is GRANTED, and the case is also dismissed as to any remaining Defendants under 28 U.S.C. § 1915(e). The remaining motions are DENIED or DEEMED MOOT. The Clerk of Court is directed to close the case.

DATED this 24th day of April, 2017.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge